NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

GEORGE LOUIS BADERTSCHER, *Appellant*.

No. 1 CA-CR 16-0140
FILED 9-22-2016

Appeal from the Superior Court in Yavapai County
No.  P1300CR201400821
The Honorable Michael R. Bluff, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Stephen L. Duncan, Scottsdale
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Maurice Portley and Chief Judge Michael J. Brown joined.

**T H U M M A**, Judge:

¶1          This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for defendant George Louis Badertscher has advised the court that, after searching the entire record, he has found no arguable question of law and asks this court to conduct an *Anders* review of the record. Badertscher was given the opportunity to file a supplemental brief pro se but has not done so. This court has reviewed the record and has found no reversible error. Accordingly, Badertscher's convictions and resulting sentences are affirmed.

## FACTS AND PROCEDURAL HISTORY

¶2          In August 2014, Badertscher was on supervised probation for an unrelated offense. After receiving a tip that Badertscher was in violation of his probation, his probation officer conducted a probation search of Badertscher's house on August 19, 2014. The search revealed methamphetamine, related paraphernalia and a gun. Badertscher also signed a statement admitting to using methamphetamine and marijuana within the previous few weeks. Badertscher was arrested and charged with possession or use of a dangerous drug, a Class 4 felony; possession or use of drug paraphernalia, a Class 6 felony and two counts of misconduct involving weapons, each a Class 4 felony. The State timely alleged Badertscher had prior felony convictions on various dates, including for theft of a means of transportation and possession of marijuana and drug paraphernalia.

¶3          Badertscher moved to preclude admission of his prior felonies and the State requested a hearing pursuant to Arizona Rule of Evidence 609 (2016)[1] regarding impeachment of Badertscher with his prior convictions if he elected to testify at trial. Counsel for the State and Badertscher stipulated that sanitized versions of his prior felony convictions less than 10 years old could be used for impeachment if he elected to testify at trial. The court ruled the State could use a sanitized version of Badertscher's prior felony convictions older than 10 years for impeachment purposes and made appropriate findings under Rule 609.

¶4          After a hearing about Badertscher's statements of drug use, the court found the statements violated his rights under *Miranda v. Arizona*, 384 U.S. 486 (1964), but were made voluntarily and could be used for

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

impeachment if Badertscher testified at trial. The State made a plea offer that Badertscher rejected at a hearing held pursuant to *State v. Donald*, 198 Ariz. 406 (App. 2000).

¶5 Trial was continued several times for various reasons. At one point, when defense counsel requested another continuance because new witnesses had been discovered, Badertscher objected and told the court he wanted to proceed to trial. The court, however, found the delay was caused by Badertscher and his late addition of witnesses. After reviewing the reasons for the decision and finding there would be no prejudice to Badertscher, the court continued the trial over Badertscher's objection.

¶6 After pretrial disclosure and motion practice, a four-day jury trial took place in January 2016. During trial, the State offered testimony from several police officers who searched Badertscher's house, as well as lab experts who analyzed fingerprints, drugs and paraphernalia. After the State rested, Badertscher moved for a judgment of acquittal on all counts pursuant to Arizona Rule of Criminal Procedure 20. The court denied the motion. Badertscher then called as witnesses his brother and a friend. After being advised of his right to remain silent, Badertscher elected to testify in his own defense.

¶7 After the jury was instructed on the law and heard arguments from counsel, they deliberated and found Badertscher guilty as charged. The jury was polled and each juror answered individually that these were their true verdicts.

¶8 At sentencing, after considering mitigating factors and letters of support, and given that the record showed (and Badertscher did not dispute) that he had at least two historical prior felony convictions, Arizona Revised Statute (A.R.S.) § 13-105(22), the court sentenced him as a category three repetitive offender, A.R.S. § 13-703. The court sentenced Badertscher to concurrent, presumptive prison terms of 10 years for the dangerous drugs and misconduct involving weapons convictions and 3.75 years for the paraphernalia conviction, properly giving him 546 days of pre-sentence incarceration credit. Badertscher timely appealed his convictions and sentences. This court has jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

¶9 The record shows that Badertscher was represented by counsel at all stages of the proceedings and counsel was present at all critical stages. The record provided contains substantial evidence

supporting Badertscher's convictions and resulting sentences. From the record, all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, and the sentences imposed were within statutory limits and permissible ranges.

## CONCLUSION

**¶10** This court has read and considered counsel's brief and has searched the record provided for reversible error and has found none. *Leon*, 104 Ariz. at 300; *State v. Clark*, 196 Ariz. 530, 537 ¶ 30 (App. 1999). Accordingly, Badertscher's convictions and resulting sentences are affirmed.

**¶11** Upon the filing of this decision, defense counsel is directed to inform Badertscher of the status of his appeal and of his future options. Defense counsel has no further obligations unless, upon review, counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Badertscher shall have thirty days from the date of the decision to proceed, if he desires, with a pro se motion for reconsideration or petition for review.

